```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| YUKIKO TAKAMIYA,<br><br>                    Plaintiff,<br><br>       -against-<br><br>DNP AMERICA, LLC,<br>DAI NIPPON PRINTING CO., LTD.,<br>KEIIHI MIZOGUCHI,<br>SHIGERU KANAMURA,<br>KAZUTERU ARAI, and<br>AKIKO KOBORI,<br><br>                    Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 7/25/2016<br><br><br>14-CV-10301 (VEC)<br><br>OPINION & ORDER |

VALERIE CAPRONI, United States District Judge:

Plaintiff Yukiko Takamiya, appearing *pro se*, brings claims against DNP America, LLC ("DNP America") and Dai Nippon Printing Co., Ltd. ("Dai Nippon," and together with DNP America, the "Defendants").[1]  In her Amended Complaint, Plaintiff alleges that Defendants failed to fulfill their obligation to pay her salary and airfare after terminating her, in violation of "United States Immigration Law."  Defendants move to dismiss Ms. Takamiya's claims.  For the following reasons, Defendants' Motion to Dismiss the Amended Complaint is GRANTED.

## BACKGROUND

Ms. Takamiya began working for DNP America's accounting department in 2005 as an at-will employee on an H-1B visa.  Barry Decl. (Dkt. 29) ¶ 4; Am. Compl. at 3.[2]  In early 2007,

---

[1]   In her Amended Complaint, Plaintiff named individual defendants Keiihi Mizoguchi, Shigeru Kanamura, Kazuteru Arai, and Akiko Kobori.  Dkt. 32.  Plaintiff's deadline to serve the individual defendants was stayed pending the Motion to Dismiss filed by Defendants.  Dkt. 56.  Because the Court finds that Plaintiff fails to state a claim against any defendant, it need not separately address her claims as to the individual defendants.

[2]   Unless otherwise noted, all citations to the Complaint ("Compl."), Dkt. 1, and Amended Complaint (Am. Compl."), Dkt. 32, will reference the applicable ECF page number.

DNP America terminated Ms. Takamiya's employment. Barry Decl. ¶ 4. In connection with her termination, Ms. Takamiya entered into a separation agreement with DNP America, pursuant to which DNP America agreed to pay her salary and benefits for three months. Am. Compl. at 3; Barry Decl. ¶ 5. The separation agreement also included a general release of all claims that Ms. Takamiya had or may have had against DNP America and "its affiliated, related, parent or subsidiary corporations." Am. Compl. at 3; Barry Decl., Ex. A ¶¶ 1, 3. Notwithstanding the general release contained in her separation agreement, Ms. Takamiya alleges that under United States Immigration Law, she is entitled to salary payments from the time of her termination through the expiration of her H-1B visa, as well as to airfare from the United States back to her home country of Japan.

Ms. Takamiya filed a complaint with the Department of Labor ("DOL") in December 2009, alleging that, by failing to pay her airfare and salary through the expiration of her visa in November 2008, DNP America had violated the law. Am. Compl. at 3. DOL Wage and Hour Division ("WHD") concluded that it would not investigate Ms. Takmiya's complaint because the alleged acts had occurred more than twelve months earlier, in June 2007, and the complaint was therefore untimely pursuant to 20 C.F.R. § 655.806(a)(5) (requiring complaints to be filed with DOL within twelve months of the alleged violation). Pl. Aff. (Dkt. 45) at Exs. B, C. On January 25, 2010, Ms. Takamiya received an additional email from WHD stating that, given the initial determination that her complaint was not timely, WHD's choice not to investigate her complaint was not subject to appeal. *Id.* at Ex. C. Almost five years later, Ms. Takamiya filed her Complaint in this action, and then filed an Amended Complaint on February 16, 2016. Defendants now move to dismiss the Amended Complaint.

2

## DISCUSSION

### I. Legal Standard

In reviewing a motion to dismiss under Rule 12(b)(6), courts "'accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.'" *Meyer v. JinkoSolar Holdings Co., Ltd.*, 761 F.3d 245, 249 (2d Cir. 2014) (quoting *N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC*, 709 F.3d 109, 119 (2d Cir. 2013) (alterations omitted)). To survive a motion to dismiss for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility" is not certainty. *Iqbal* does not require the complaint to allege "facts which can have no conceivable other explanation, no matter how improbable that explanation may be." *Cohen v. SAC Trading Corp.*, 711 F.3d 353, 360 (2d Cir. 2013). But "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "[courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 225 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 570 (other internal quotations marks and citations omitted)).

At the motion to dismiss stage, courts must "construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). In particular, courts must review a *pro se* complaint with "'special solicitude,' interpreting the complaint to raise 'the strongest claims that it suggests.'" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (*per curiam*) (alterations omitted) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475, 474 (2d Cir. 2006)).

When deciding a motion to dismiss, courts generally should not consider materials extrinsic to the complaint. Fed. R. Civ. P. 12(d). This rule is subject to several exceptions, however, including that a court may consider documents incorporated by reference into the complaint. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). A court may also consider documents upon which the complaint "relies heavily," *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002), as well as extrinsic materials that the plaintiff knew of or possessed and relied upon in framing the complaint. *Laporte v. Fisher*, No. 11 CIV. 9458 (PKC) (HBP), 2012 WL 5278543, at *2 (S.D.N.Y. Oct. 24, 2012) (citing *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993)).

## II.     The Court Lacks Subject Matter Jurisdiction Over Plaintiff's INA Claims

An action must be dismissed for lack of subject matter jurisdiction pursuant to Fed R. Civ. P. 12(b)(1) when the trial court lacks power to adjudicate the case. *Biran v. JP Morgan Chase & Co.*, No. 02 CIV. 5506 (SHS), 2002 WL 31040345, at *1 (S.D.N.Y. Sept. 12, 2002). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).

Plaintiff alleges that she is entitled to relief from Defendants in this Court in connection with Defendants' violations of United States Immigration Law, as codified in the Immigration and Naturalization Act ("INA"), 8 U.S.C. §§ 1182, 1184(c).[3] Am. Compl. at 3. The INA

---

[3]     Interpreting the Amended Complaint in the *most* liberal manner, the Court could construe it to be seeking judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. §701(a)(2), of DOL's decision not to investigate Plaintiff's complaint, or as a petition for a writ of mandamus under the Mandamus Act, 28 U.S.C. §1361, to compel such a review. Putting aside the fact that those claims would need to have the Department of Labor and the Secretary of Labor named as defendants, there is no basis for such relief. Here, the challenged action, DOL's decision not to investigate because of the untimeliness of the complaint, is a discretionary function committed solely to DOL by law. The APA "explicitly excludes from judicial review those agency actions that are 'committed to agency discretion by law.'" *Sierra Club v. Jackson*, 648 F.3d 848, 855 (D.C. Cir. 2011) (quoting 5 U.S.C. § 701(a)). Writs of mandamus are appropriate only when the defendant owes the moving party a clear non-discretionary duty.

4

contains a comprehensive regulatory enforcement scheme for investigating claims and for remedying H-1B violations. *Walia v. Veritas Healthcare Solutions L.L.C.*, No. 13-CV-6935 (KPF), 2014 WL 7330440, at *3 (S.D.N.Y. Dec. 23, 2014) (internal quotations and citations omitted). Pursuant to Section 1182(n)(2)(A) of the INA, the aggrieved party is required to file a complaint with the Secretary of Labor, who determines whether there is "reasonable cause to conduct an investigation based on the information . . . provided." The Secretary of Labor has designated the WHD to receive such complaints. 20 C.F.R. §§ 655.5, 655.800(a). The Secretary of Labor and her designees have discretion whether to investigate such claims. *In re: Watson*, 910 F. Supp. 2d 142, 147 (D.D.C. 2012). If WHD decides to investigate a complaint and finds the complaint is without merit, then the aggrieved party may request an appeal hearing by an Administrative Law Judge. 8 U.S.C. § 1182(n)(2); 20 C.F.R. § 655.805, 655.815. If the outcome of that appeal is unfavorable to the complainant, she may also petition for review by the Secretary of Labor. *Id.* Only after the Secretary of Labor makes a determination on the merits of the complaint may the aggrieved appeal the decision to the appropriate United States District Court. *See* 20 C.F.R. §§ 655.815, 655.820, 655.840, 655.845, 655.850. Section 1182(n) therefore "does not provide for a private right of action in federal court in the first instance for complaints concerning an employer's violation of the Section." *Walia*, 2014 WL 7330440, at *3 (internal quotations and citations omitted); *see also Palmer v. Trump Model Mgmt., LLC*, No. 14 CIV. 8307(AT), 2016 WL 1544740, at *4 (S.D.N.Y. Mar. 23, 2016) ("As courts in this Circuit have held, the INA's complaint process 'indicate[s] Congress' clear intent to limit enforcement of alleged violations to administrative mechanisms before resort can be had to a court action.'"

---

*Zheng v. Reno*, 166 F. Supp. 2d 875, 880 (S.D.N.Y. 2001). Therefore, dismissal for failure to state claim is appropriate even under the most generous reading of the Amended Complaint. *In re: Watson*, 910 F. Supp. 2d 142, 147 (D.D.C. 2012) (finding a failure to state a claim under both the APA and the Mandamus Act when Plaintiff sought to challenge WHD's discretionary decision not to investigate a complaint).

contains a comprehensive regulatory enforcement scheme for investigating claims and for remedying H-1B violations. *Walia v. Veritas Healthcare Solutions L.L.C.*, No. 13-CV-6935 (KPF), 2014 WL 7330440, at *3 (S.D.N.Y. Dec. 23, 2014) (internal quotations and citations omitted). Pursuant to Section 1182(n)(2)(A) of the INA, the aggrieved party is required to file a complaint with the Secretary of Labor, who determines whether there is "reasonable cause to conduct an investigation based on the information . . . provided." The Secretary of Labor has designated the WHD to receive such complaints. 20 C.F.R. §§ 655.5, 655.800(a). The Secretary of Labor and her designees have discretion whether to investigate such claims. *In re: Watson*, 910 F. Supp. 2d 142, 147 (D.D.C. 2012). If WHD decides to investigate a complaint and finds the complaint is without merit, then the aggrieved party may request an appeal hearing by an Administrative Law Judge. 8 U.S.C. § 1182(n)(2); 20 C.F.R. § 655.805, 655.815. If the outcome of that appeal is unfavorable to the complainant, she may also petition for review by the Secretary of Labor. *Id.* Only after the Secretary of Labor makes a determination on the merits of the complaint may the aggrieved appeal the decision to the appropriate United States District Court. *See* 20 C.F.R. §§ 655.815, 655.820, 655.840, 655.845, 655.850. Section 1182(n) therefore "does not provide for a private right of action in federal court in the first instance for complaints concerning an employer's violation of the Section." *Walia*, 2014 WL 7330440, at *3 (internal quotations and citations omitted); *see also Palmer v. Trump Model Mgmt., LLC*, No. 14 CIV. 8307(AT), 2016 WL 1544740, at *4 (S.D.N.Y. Mar. 23, 2016) ("As courts in this Circuit have held, the INA's complaint process 'indicate[s] Congress' clear intent to limit enforcement of alleged violations to administrative mechanisms before resort can be had to a court action.'"

---

*Zheng v. Reno*, 166 F. Supp. 2d 875, 880 (S.D.N.Y. 2001). Therefore, dismissal for failure to state claim is appropriate even under the most generous reading of the Amended Complaint. *In re: Watson*, 910 F. Supp. 2d 142, 147 (D.D.C. 2012) (finding a failure to state a claim under both the APA and the Mandamus Act when Plaintiff sought to challenge WHD's discretionary decision not to investigate a complaint).

(quoting *Biran*, 2002 WL 31040345, at *2)). Further, the legislative history of the INA "yields no support for the proposition that Congress intended to create a private right of action in section[] 1182(n) . . . ." *Biran*, 2002 WL 31040345, at *2.

Ms. Takamiya filed a complaint with WHD in December 2009 alleging that DNP America violated its H-1B visa obligations under the INA. Pl. Aff. Exs. B, C.[4] WHD found there was no "reasonable cause to conduct an investigation based on the information [Plaintiff] provided." *Id.* at Ex. C. WHD explained the reason behind its decision was that "the alleged violation occurred no later than June 2007," whereas the complaint was not filed until December 2009; therefore, the twelve month timeliness requirement for filing had not been met. *Id.* WHD notified Ms. Takamiya of its decision and informed her that she had the right to submit additional information. *Id.*, Ex. B. There is no evidence suggesting that Ms. Takamiya ever supplemented her application or that she had any basis for alleging a violation that occurred within one year of the date of her complaint to WHD. Because no investigation occurred, Ms. Takamiya never received an agency decision properly subject to review by this Court. Absent any basis for judicial review, and there being no private right of action under the INA in the first instance, the Court lacks subject matter jurisdiction over this case and the claim must be dismissed. A federal statute that does not create or imply a private right of action does not present a federal question pursuant to 28 U.S.C. §1331 and "mandates a finding that the court lacks subject matter jurisdiction over the claim." *See Biran*, 2002 WL 31040345, at *3.

---

[4] Although this information is not absolutely clear on the face of the Amended Complaint, the Amended Complaint expressly references the email correspondence documented in Plaintiff's Affirmation in Opposition to the Motion to Dismiss, which details the WHD's decision not to investigate Ms. Takamiya's claims. The Court can therefore rely upon that extrinsic documentation in deciding the Motion to Dismiss. *ATSI Commc'ns Inc.*, 493 F.3d at 98.

## CONCLUSION

Because no private right of action exists to enforce the statutory provisions of the INA upon which Plaintiff relies, and because Plaintiff never received an agency decision subject to appeal, this Court does not have subject matter jurisdiction over this action as it relates to Plaintiff's claims against Defendants. Defendants' Motion to Dismiss is therefore GRANTED. For the reasons stated above, the Court further finds that granting Plaintiff leave to file a Second Amended Complaint, or to amend her opposition of Defendants' Motion to Dismiss would be futile. While a *pro se* complaint should not be dismissed without leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)), leave to amend is properly denied where further amendment would be futile. *Grullon*, 720 F.3d at 139 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Clerk of the Court is respectfully directed to terminate docket entry 38 and close the case. The Clerk of Court is further requested to mail a copy of this Order to the Plaintiff, and note service on the docket.

**SO ORDERED.**

**Date: July 25, 2016**  
**New York, New York**

**VALERIE CAPRONI**  
**United States District Judge**